```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X
                                                        :
G&G CLOSED CIRCUIT EVENTS, LLC,                         :
                                                        :
                        Plaintiff,                      :
                                                        :           20 Civ. 7487 (JPC)
        -v-                                             :
                                                        :                ORDER
SAMINA SHAHZAD and AKS GROCERY CORP.,                   :
doing business as AKS HALAL,                            :
                                                        :
                        Defendants.                     :
                                                        :
----------------------------------------------------------------------- X
```

JOHN P. CRONAN, United States District Judge:

Plaintiff G&G Closed Circuit Events, LLC filed the Complaint in this action on September 11, 2020, pleading claims against Defendants Samina Shahzad ("Shahzad") and AKS Grocery Corp. ("AKS") pursuant to the Communications Act of 1934, *as amended*, 47 U.S.C. § 605 *et seq.*, and the Cable Television Consumer Protection and Competition Act of 1992, *as amended*, 47 U.S.C. § 553 *et seq.*  Dkt. 1.  Plaintiff alleges that it had exclusive nationwide commercial distribution rights as to a particular boxing event, which Defendants unlawfully intercepted and published on September 16, 2017 at their commercial establishment.

The docket sheet reflects that Plaintiff served Shahzad on November 16, 2020 and AKS on November 20, 2020, making Shahzad's deadline to respond to the Complaint December 7, 2020 and AKS's deadline to respond December 11, 2020.  Dkts. 10-11.  After both Defendants failed to answer or otherwise respond to the Complaint by those deadlines, the Clerk's Office entered certificates of default as to Defendants on January 5, 2021.  Dkts. 17-18.  After the Court set a briefing schedule for Plaintiff's motion for a default judgment, Dkt. 20, Plaintiff moved for a default judgment as to Defendants on January 26, 2021, Dkts. 22-27.  Defendants' counsel filed a notice of appearance in this case on February 16, 2021, Dkt. 29, and requested an extension of time to

respond to Plaintiff's motion, Dkt. 30. The Court granted that request, setting deadlines of March 13, 2021 for Defendants' opposition and March 22, 2021 for Plaintiff's reply, with a conference to occur on March 31, 2021. Dkt. 31. On March 12, 2021, Defendants filed their opposition to Plaintiff's motion, seeking vacatur of the certificates of default entered against them. Dkts. 32-34. To date, Plaintiff has not filed a reply to Defendants' opposition.

respond to Plaintiff's motion, Dkt. 30. The Court granted that request, setting deadlines of March 13, 2021 for Defendants' opposition and March 22, 2021 for Plaintiff's reply, with a conference to occur on March 31, 2021. Dkt. 31. On March 12, 2021, Defendants filed their opposition to Plaintiff's motion, seeking vacatur of the certificates of default entered against them. Dkts. 32-34. To date, Plaintiff has not filed a reply to Defendants' opposition.

For the reasons below, the Court denies Plaintiff's motion for a default judgment and vacates the certificates of default entered against Defendants.

## I. Legal Standard

Federal Rule of Civil Procedure 55(c) authorizes a court to "set aside an entry of default for good cause." Fed. R. Civ. P. 55(c). The three criteria a court must assess when determining if there is "good cause" to vacate an entry of default are: "(1) whether the default was willful; (2) whether setting aside the default would prejudice the adversary; and (3) whether a meritorious defense is presented." *Enron Oil Corp. v. Diakuhara*, 10 F.3d 90, 96 (2d Cir. 1993). "'[G]ood cause' . . . should be construed generously," *id.* at 96, which is "in keeping with the Second Circuit's 'strong preference for resolving disputes on the merits,'" *Johnson v. New York Univ.*, 324 F.R.D. 65, 69-70 (S.D.N.Y. 2018) (quoting *New York v. Green*, 420 F.3d 99, 104 (2d Cir. 2005)).

## II. Discussion

The Court first finds that Defendants' default was not willful. In this context, a showing of willfulness requires conduct that is "more than merely negligent or careless." *S.E.C. v. McNulty*, 137 F.3d 732, 738 (2d Cir. 1998). Defendants submitted the declaration of Kashif Shahzad, the son of Shahzad and manager of AKS, explaining that Defendants' unfamiliarity with the legal system in the United States, misplaced reliance on an unretained attorney acquaintance, and the death of Shahzad's friend in January 2021 all contributed to Defendants missing the deadline to respond to the Complaint. Declaration of Kashif Shahzad in Support of Defendants' Opposition to Motion for

2

Default Judgment ("Shahzad Declaration"), Dkt. 33 ¶¶ 4-6; *see* Defendants' Memorandum of Law in Opposition to Motion for Default Judgment, Dkt. 32 ("Opposition") at 5.  With no reason for the Court to question these representations, this is not a case of "egregious" conduct where Defendants "failed, for untenable reasons, after defendants 'had purposely evaded service for months,' to answer the complaint."  *McNulty*, 137 F.3d at 739 (quoting *Commercial Bank of Kuwait v. Rafidain Bank*, 15 F.3d 238, 243-44 (2d Cir. 1994)).

As to the "prejudice" factor of the "good cause" analysis, "'delay standing alone does not establish prejudice' sufficient to defeat a motion to vacate a default."  *Johnson*, 324 F.R.D. at 71 (quoting *Enron Oil Corp.*, 10 F.3d at 98).  A finding of prejudice may be established if the delay causes "the loss of evidence, create[s] increased difficulties of discovery, or provide[s] greater opportunity for fraud and collusion."  *Davis v. Musler*, 713 F.2d 907, 916 (2d Cir. 1983).  This factor also militates toward vacating Defendants' default.  Plaintiff has not contended that Defendants' delay caused a "loss of evidence," "increased difficulties of discovery," or "opportunity for fraud and collusion."  Further, this action arises from Defendants' alleged interception and publishing of a boxing event on September 20, 2017, yet Plaintiff did not commence this action until almost three years later on September 11, 2020.  The relatively brief additional delay caused by Defendants' failure to timely respond to the Complaint is unlikely to prejudice Plaintiff.

Lastly, the Court finds that Defendants have articulated potentially meritorious defenses to liability.  For this inquiry, "the defendant 'need not conclusively establish the validity of the defense(s) asserted' but need only present evidence of facts that, 'if proven at trial, would constitute a complete defense.'"  *Schlatter v. China Precision Steel, Inc.*, 296 F.R.D. 258, 261 (S.D.N.Y. 2013) (quoting *Davis*, 713 F.2d at 916).  "A defendant seeking to vacate an entry of default must present some evidence beyond conclusory denials to support his defense."  *Enron Oil Corp.*, 10

F.3d at 98. Defendants have done just that: their brief argues that Plaintiff's claims are time-barred, that the Communications Act does not cover the alleged conduct in this action, and that there are material facts in dispute which could provide a defense for Defendants in this action. Opposition at 6-13. Defendants further have provided a sworn declaration from Kashif Shahzad to support those defenses. *See* Shahzad Declaration ¶¶ 8-16. These arguments and the supporting declaration adequately demonstrate potentially meritorious defenses.

### III. Conclusion

For the foregoing reasons, the Court concludes that all three factors support a finding of good cause to vacate Defendants' default. Accordingly, Defendants' request to vacate default is granted and Plaintiff's motion for a default judgment is denied.

The Clerk of Court is respectfully directed to vacate entry of default at Docket Numbers 17 and 18 and to terminate the motion pending on Docket Number 22.

The parties are directed to submit a joint letter and proposed Case Management Plan by March 29, 2021. The conference scheduled for March 31, 2021, at 10:30 a.m. will serve as an Initial Pretrial Conference pursuant to Rule 5.B of the Court's Individual Rules and Practices in Civil Cases. Defendants must file their Answers to the Complaint by April 2, 2021, unless they intend to file a motion pursuant to Rule 12 of the Federal Rules of Civil Procedure, in which case they must file a pre-motion letter by April 2, 2021.

SO ORDERED.

Dated: March 26, 2021
New York, New York

JOHN P. CRONAN
United States District Judge